MILLER, Judge.
Plaintift Mrs. Omeida Paul appeals the judgment denying her workmen’s compensation claim against her employer A. G. Carbo d/b/a Carbo Foundry & Machine Shop, and its insurer American Mutual Liability Insurance Company. We affirm.
This suit was consolidated for trial and appeal with Paul v. United Founders Life Insurance Company, 309 So.2d 920 (La.App. 3 Cir. 1975, # 4907) which is being handed down this date.
Mrs. Paul was a clerical employee of Carbo Foundry for some five years. On May 29, 1973 while delivering a message on the job, she backed into some boxes and fell to a sitting position on the boxes which were about chair height. Her employer helped her up and she didn’t think she was injured until later that night. Although she mentioned the accident to her husband, three neighbors, and one fellow worker, she did not seek local medical attention and did not report the accident to her employer’s workmen’s compensation insurer as was her assigned duty for all job related accidents.
Mrs. Paul’s employment required her to report all accidents to the company compensation carrier and she testified in her discovery deposition that “as soon as (she) was aware of (an accident) she reported it.” She filed all workmen’s compensation claims. Additionally, she filed all claims under the company group health insurance policy. On August 1, 1973, she elected to file the claim for her back problem with the health insurer and specifically stated in that application that her chemical therapy was not related to an accident. She maintained this position until she was discharged from her employment on September 28, 1973. On that day, she notified the group health insurer and the hospital that her claim was for an on the job accident and she was filing claims with the compensation insurer.
Mrs. Paul diagnosed her own condition and never discussed the accident or alleged complication resulting from the accident with her family physician or a local physician. She continued to work every working day until July 9 when she reported to a Dallas Texas physician for tests and chemical therapy related to ruptured discs. In late June 1973, she made that appointment with Dr. Herrick in Dallas. This physician had successfully used chemical therapy to treat one of Mrs. Paul’s co-employees for ruptured discs, which were not related to a workmen’s compensation claim. Mrs. Paul filed that claim with the company’s group health insurer. This employee returned to work in six to eight weeks, so Mrs. Paul decided to handle her back problem in the same way. Unfortunately, Mrs. Paul did not have the same good result and has been disabled since her July 1973 chemical therapy.
*919 Appellant contends that even if she had prior degenerative changes in her back, she had no complaints before May* 1973. Her impressive lay witnesses verified that she has been disabled since the July 1973 chemical therapy. She argues that her prior condition was asymptomatic and was at least aggravated by the accident. Among other cases, appellant cites Porter v. Augenstein Construction Company, 280 So.2d 861 (La.App. 3 Cir. 1973), and Fee v. Calcasieu Paper Company, 89 So.2d 434 (La.App. 1 Cir. 1956). We distinguish these cases on the facts.
Concerning her prior back condition, Mrs. Paul adamantly testified that she had seen her family physician on only one occasion and that was many years before the May 1973 accident; that she had never complained of back pain on the job with Carbo Foundry; and that all her back problems were related to the May 29, 1973 accident.
Her counsel argues that the trial court based the decision on only one point — that Mrs. Paul erroneously filed the claim with the wrong insurer and declared that her back condition was not related to an accident. We find additional support for the trial court judgment. She did have back complaints prior to the May 29 accident. Her family physician was not called to testify. But his report was introduced in evidence and it indicated that he had treated her on several occasions for back pain. Although he never diagnosed a ruptured disc he concluded (in his report) that “on each of these occasions, her back pain was due to simple back strain.” Both Mr. Car-bo and one of Mrs. Paul’s co-employees testified that she complained of back pain on the job. Mr. Carbo bought her a more comfortable secretarial chair and the co-employee testified that Mrs. Paul would rest her back during lunch breaks by lying on her desk. Mrs. Paul admitted that she had been involved in an automobile accident shortly before the May 1973 non job-related accident when an indigent third party ran into the rear of her car. She denied that her back problems were related to the car accident or any cause other than the May 29 accident.
Two facts in this record scream for attention: 1) Mrs. Paul did not seek local medical attention for the alleged serious injuries which she received in the May 29 accident. Instead, on her own, she scheduled serious chemical surgery for ruptured discs, from which she has never recovered. 2) It was Mrs. Paul’s duty to report all accidents and file proper claims with either the group health insurer or the workmen’s compensation insurance company. On the basis of her complete knowledge of the facts, she elected to file the claim with the group health insurer.
We are not impressed with Mrs. Paul’s explanation that she didn’t file a compensation claim at the time of the accident or following surgery, because of concern for her employer. She worried that it might cause a cancellation of her employer’s workmen’s compensation policy or cause him to pay higher premiums in the assigned risk pool. The compensation insurance carrier’s employee testified that contrary to this suggestion, Carbo Foundry’s accident experience improved and had resulted in a substantial drop in the premium rate in each of the past three years. There was no suggestion in the record that her claim would cause the carrier to drop the coverage or increase the premium.
Both parties state that this case presents only factual issues. We agree and fail to find manifest error in the trial judge’s factual determination that Mrs. Paul failed to prove her condition was caused or aggravated by the May 1973 accident.
The trial court judgment is affirmed at appellant’s costs.
Affirmed.